```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH DAKOTA
                        SOUTHERN DIVISION
```

```
******************************************************************************
                                    *
UNION INSURANCE COMPANY,            *      CIV 20-4028
                                    *
            Plaintiff,              *
                                    *
      vs.                           *
                                    *      MEMORANDUM OPINION
RON KLINGENBERG, d/b/a              *           AND ORDER
Klink's Plumbing and Heating;       *
KRISTIE KLINGENBERG;                *
MARK MATHIEU; and MARK              *
MATHIEU CONSTRUCTION, INC.,         *
                                    *
            Defendants.             *
                                    *
******************************************************************************
```

## Introduction

Plaintiff Union Insurance Co. seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) that it has no duty to defend or to indemnify Defendant Ron Klingenberg d/b/a Klink's Plumbing & Heating, in a state court action pending in South Dakota's Second Judicial Circuit, 49CIV19-001798. Plaintiff asserts that the insurance policy it issued to Defendant Ron Klingenberg, d/b/a Klink's Plumbing & Heating, does not provide coverage for the claims against the Defendant in that action.

## Procedural Posture

Plaintiff is an Iowa corporation with its principal place of business in Iowa. Defendant is a resident of Minnehaha County, South Dakota. Jurisdiction in this case is based on diversity of citizenship, 28 U.S.C. § 1332(a)(1).

Plaintiff initiated this action for a declaratory judgment against several defendants, including Ron Klingenberg, d/b/a Klink's Plumbing & Heating, Kristie Klingenberg (Ron's wife), Mark Mathieu, and Mark Mathieu Construction, Inc. Plaintiff has acknowledged (Doc.1), that the defendants other than Ron Klingenberg, d/b/a Klink's Plumbing & Heating, have been brought into

this lawsuit in an effort to resolve any potential interests of those parties and to bind them to the court's adjudication of the issues raised. (Doc. 1, ¶ 11).

Defendant Kristie Klingenberg is the Plaintiff against her husband in the underlying state court action. Mark Mathieu is a subcontractor who performed work on a construction project for Ron and Kristie Klingenberg and is a defendant in the underlying state court action initiated by Kristie Klingenberg.

Plaintiff Union Insurance Co. has moved for summary judgment. (Doc. 23). Kristie Klingenberg filed an Answer (Doc. 17) to the Complaint, but despite the Court's providing her an opportunity to do so out of time (Doc. 28), has not responded to the Motion for Summary Judgment. Mark Mathieu and Mathieu Construction Company filed an answer to the Complaint (Doc.12) and responded to the Motion for Summary Judgment by stating they take no position on the Motion. (Doc. 27). Ron Klingenberg responded, pro se, that he lacks the legal knowledge to respond to Plaintiff's Motion for Summary Judgment and also that he did not perpetrate any fraud on Plaintiffs. (Doc. 29).

## Background

Kristie and Ron Klingenberg decided to build a house on land Kristie Klingenberg owns, and Ron Klingenberg elected to serve as general contractor on the project. (Doc.1-1). Eventually, a retaining wall gave way, resulting in extensive damage (Doc.1-1, ¶ 6). Ron and Kristie Klingenberg sued the engineer in South Dakota's Second Judicial Circuit, 49CIV18-001319 (Doc. 1-2), but for various reasons, could not recover. Kristie Klingenberg then sued Ron Klingenberg, d/b/a Klink's Plumbing & Heating, in the same court, 49CIV19-001798, alleging negligence. (Doc. 1-1). Plaintiff Union Insurance Co., which had insured Ron Klingenberg d/b/a Klink's for a number of years as a plumbing and heating contractor, was notified of the suit against their insured and defended with a reservation of rights.

Plaintiff's claims in seeking a declaratory judgment that it has neither a duty to defend nor to indemnify Defendant Ron Klingenberg (Doc.1) are as follows: Count 1—Plaintiff insured Ron Klingenberg d/b/a Klink's Plumbing & Heating as a plumbing and heating contractor, not as a general contractor, and the applicable insurance policy extends coverage only to the plumbing and

2

heating business; Count 2—the policy issued to Klink's excludes coverage for property owned by the insured; Count 3—the policy issued to Klink's has "business risk" exclusions which preclude coverage; and Count 4—the policy should be rescinded for material misrepresentations by Ron Klingenberg.

Because of the Court's resolution of Counts 1-3, the Court need not resolve Count 4.

## Legal Standard

1.   Summary Judgment

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must meet this burden by presenting evidence that there is no dispute of material fact. *General Casualty Company of Wisconsin v. Nelson Engineering Consulting, LLC*, 91 F.Supp.3d 1168 (D.S.D. 2015)(citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). As the Eighth Circuit commented on the issue of materiality, "a material fact 'affects the outcome of the lawsuit'." *Rose v. Midland National Life Insurance Company,* 954 F.3d 1117, 1119 (8th Cir. 2020)(citing *Williams v. Medalist Golf, Inc*, 910 F.3d 1041, 1045 (8th Cir. 2018)). Furthermore, all inferences are drawn in favor of the nonmoving party. *Id*.

2.   Insurance policy

State law controls the construction of insurance policies when a district court is exercising diversity jurisdiction, and therefore, South Dakota law governs this insurance coverage dispute. *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 455 (8th Cir.1998). An insurer's duty to defend and an insurer's duty to indemnify are severable and independent duties, according to South Dakota law, with the duty of an insurer to defend an insured much broader than its duty to indemnify. *Dan Nelson Automotive Group, Inc. v. Universal Underwriters Group*, 2008 WL 170084 (D.S.D. 2008)(citing *Allied Mut. Ins. Co. v. Dakota Rose, Inc.,* 43 F.Supp.2d 1081, 1084 (D.S.D.1999); *Hawkeye-Security Ins. Co. v. Clifford*, 366 N.W.2d 489, 490 (S.D.1985)). An insurer who seeks to avoid defending an action must establish that the claim clearly falls outside the policy coverage. *St. Paul Fire & Marine Ins. Co. v. Medical X-Ray Center*, 146 F.3d 593, 594 (8th Cir. 1998)(citing *Bayer v. Employers Reinsurance Corp*., 383 N.W.2d 858, 860 (S.D. 1986)). See also *Owners Ins.*

*Co. v. Tibke Constr., Inc.*, 901 N.W.2d 80, 83 (S.D. 2017).  With respect to interpretation of the insurance policy, the rule requires "liberal construction" of the policy in favor of the insured, although that does not warrant a "strained or unusual meaning" for the insured's benefit.  *Nat'l Sun Indus., Inc. v. S.D. Farm Bureau Ins. Co.*, 596 N.W.2d 45, 48-49, 50 (S.D. 1999) (citing *Alverson v. Northwestern Nat'l Cas.Co.*, 559 N.W.2d 234, 235 (S.D. 1997)).

**Analysis**

1. Policy coverage

Plaintiffs allege in Count 1 that Union Insurance's policies apply to Ron Klingenberg's plumbing and heating business, and not to his work as a general contractor in constructing his home. (Doc.1). The Declarations page of the policy (Doc. 1-4), lists plumbing and heating work as the activities covered.  The relevant applications submitted by Ron Klingenberg list plumbing and heating as the scope of work for his business (Doc. 1-6, 1-7, 1-8). In those applications, Ron Klingenberg did not complete the sections which would notify Union that other types of work would be engaged in by Klink's and they do not include any information to advise Union that a more expansive business was contemplated.

As Plaintiffs allege (Doc. 1) and Kristie Klingenberg described in the Complaint of the underlying lawsuit (Doc. 1-1), Ron Klingenberg served as general contractor on their home-building project.  As such, he engaged in work on the house that was far afield from plumbing and heating. For example, he hired subcontractors, including a subcontractor to design the retaining wall and other subcontractors to construct it. (Doc. 1-1). It is uncontroverted that the Klingenbergs were building a house and not merely adjusting plumbing and heating in an existing house or installing plumbing and heating equipment in a house constructed by other contractors.  For the purposes of this lawsuit, it is not necessary for the Court to determine whether Ron Klingenberg transformed Klink's into a general contracting business across the board.  The only question is whether he was a general contractor for the purposes of his claim for insurance coverage by Union for his work on the house he was constructing for himself and his wife that experienced significant damage.

      2. Policy exclusions

The insurance policies issued by Union to Klink's have several exclusions pertinent to this lawsuit:

      a. Count 2 of the Complaint alleges coverage is precluded by an exclusion for "'property damage' to: (1) Property you own, rent, or occupy…." (Doc.1-4, 2.j(1)). Although the Complaint in Klingenberg v. Klingenberg (Doc.1-1) indicates the land on which the house is being built belongs to Kristie Klingenberg, the house is described in Kristie and Ron Klingenberg's underlying lawsuit as "their" house on which the retaining wall collapsed, causing "them" substantial damage. (Doc.1-2). Defendant Ron Klingenberg did not respond to Union's request for admissions, Fed. R. Civ. P. 36, thereby admitting that he owned an interest in the house. (Doc. 25). Plaintiff has established that the clear language of the policy's "owned Property" exclusion precludes coverage. *Owners Ins. Co.*, 901 N.W.2d at 83. The language cannot be "strained" to include coverage. *Nat'l Sun Indus.*, 596 N.W.2d at 49 (citing *Alverson v. Northwestern Nat'l Cas.Co.*, 559 N.W.2d 234, 235 (S.D. 1997)).

      b. As Count 3 of the Complaint alleges, the second exclusion pertinent to this case is the "business risk" exclusion which has two applicable sections. The first section excludes coverage for "property damage" to real property on which the insured or any contractors or subcontractors working for the insured performed operations which gave rise to the property damage. (Doc.1-4, 2.j.(5)). The second section excludes coverage for "your work," meaning work performed by the insured or on the insured's behalf, or materials or equipment furnished in connection with that work. (Doc.1-4, § V. 22 and 2.j.(6)). The underlying lawsuit filed by Kristie and Ron Klingenberg makes clear that the construction of their house, including the retaining wall which collapsed, was done by contractors Ron Klingenberg had employed. (Doc. 1-2). This fits the "property damage" exclusion as it applies to the collapsed retaining wall designed and constructed by the Klingenbergs' contractors. It also applies to any work performed by Ron Klingenberg himself or to contractors or subcontractors working with materials or equipment on Ron's behalf.

*Swenson v. Auto Owners Ins. Co.*, 831 N.W.2d 402 (S.D. 2013) reinforces that the "business risk" exclusions included in Union's insurance policy for Klink's preclude coverage for the damage

incurred by the Klingenbergs. In *Swenson*, property at a construction site was damaged when left outside for an extensive period of time, but was later used in construction of Plaintiffs' home. In addition, there was water damage to the home itself. The provisions of the policy excluding coverage for property damage in *Swenson, id.* at 407, are arranged differently but are nearly identical to the provisions at issue in this case. (Doc.1-4, 2. j(5) and j(6)). The *Swenson* court determined the property damage occurred under the supervision of the general contractor while work was ongoing, and the negligence was attributable to the general contractor and subcontractors. As a result, the policy exclusions applied to preclude coverage. *Id*. 408-10.

The rationale of *Swenson* applies in this case. Ron Klingenberg was serving as the general contractor on property he owned or partially owned. Damage occurred to the retaining wall either because of faulty design or faulty construction by a subcontractor working under Ron Klingenberg's supervision. The policy exclusions for such property damage preclude coverage for the damage experienced by Ron and Kristie Klingenberg.

    3. Rescission of Policies

Plaintiff alleges in Count 4 of the Complaint that Ron Klingenberg made material misrepresentations in the course of obtaining insurance coverage from Union, and that as a result, the insurance policies should be rescinded. The alleged misrepresentations occurred in 2017 when the policy for Klink's was being renewed, and Ron Klingenberg represented that he was a plumbing and heating contractor who did not engage in business as a general contractor. (Doc.1-8). Plaintiffs assert that at that time, Ron Klingenberg was working as a general contractor, and pursuant to SDCL § 58-11-44, the materiality of the misrepresentations prevents recovery under the policy and warrants rescission. Plaintiff also argues Ron Klingenberg should be equitably estopped from claiming coverage under the policy based on the material misrepresentations. (Doc.1).

In his response to the court's Order notifying Defendants they had limited additional time to respond to Plaintiff's Motion for Summary Judgment (Doc. 28), Ron Klingenberg, pro se, stated that he did not "fraudulently or intentionally misrepresent any facts." (Doc. 29).

In Plaintiff's response to Ron Klingenberg's response, (Doc. 30, 6), to the Motion for Summary Judgment, Plaintiff submits that the court need not resolve the rescission issue if it rules that the insurance policy excludes coverage in this case.

The questions of material misrepresentation, equitable estoppel and rescission raise numerous questions of fact, which preclude a grant of summary judgment. Fed. R. Civ. P. 56(a). See *Rose*, 954 F.3d at 1118-19. As Plaintiff concedes, however, a ruling from the court on alternative grounds--that the policy does not cover the insured's work as a general contractor, and excludes coverage for damage to his own property and for property damaged by contractors or subcontractors he hired--obviates the need for a ruling that the policy should be rescinded. Therefore, the Court declines to grant Plaintiff's requested relief on Count 4.

The Court's rulings above necessarily determine that Plaintiff has neither a duty to defend nor a duty to indemnify Ron Klingenberg, d/b/a Klink's Plumbing & Heating, in the underlying state court action, Klingenberg v. Klingenberg, 49CIV19-001798.

4. Additional relief

No evidence warranting additional relief has been submitted by either party, so at this time no additional relief is granted.

IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 23) is granted for the reasons stated in this Memorandum Opinion and Order.

Dated this 23rd day of March, 2021.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____

7